[Cite as *State v. Dickerson*, 2014-Ohio-1391.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Sheila G. Farmer, J.<br>Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | |
| -vs- | Case No. 13-CA-69 |
| CHRISTOPHER DICKERSON | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Licking County Municipal
Court, Case No. 13CRB00191

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     March 26, 2014

APPEARANCES:

For Plaintiff-Appellee

J. MICHAEL KING
Assistant Law Director
40 West Main Street
Newark, Ohio 43055

For Defendant-Appellant

ANDREW T. SANDERSON
Burkett & Sanderson, Inc.
73 North Sixth Street
Newark, Ohio 43055

*Hoffman, P.J.*

{¶1} Defendant-appellant Christopher Dickerson appeals his conviction on one count of sexual imposition entered by the Licking County Municipal Court. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On January 8, 2013, A.B., a twenty-three year old female, was shopping at the Wal-Mart store in Heath, Ohio with her mother. Appellant visited the store on the same day. Appellant followed A.B. and her mother around the store for approximately 40 minutes. At most times, Appellant was present in the same aisle as A.B. and her mother. Appellant did not have grocery bags, items or anything in his hands. A.B. and her mother separated briefly, at which point, Appellant swiftly approached A.B. "groping" her right buttock. Appellant immediately proceeded to leave the store.

{¶3} As a result of the altercation, Appellant was charged with one count of sexual imposition, in violation of R.C. 2907.06. The matter proceeded to a bench trial after Appellant waived his right to a jury trial. The trial court found Appellant guilty of the charge, imposing a sentence of sixty days in jail, fifty days suspended. The court further classified Appellant as a Tier I sexual offender, requiring Appellant register accordingly.

{¶4} Appellant now appeals, assigning as error:

{¶5} "I. THE CONVICTION OF THE DEFENDANT-APPELLANT WAS OBTAINED WITHOUT SUFFICIENT EVIDENCE BEING PRESENTED TO ESTABLISH EACH AND EVERY ELEMENT OF THE OFFENSE.

{¶6} "II. THE CONVICTION OF THE DEFENDANT-APPELLANT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED BELOW."

I. and II.

{¶7} Appellant's assigned errors raise common and interrelated issues; therefore, we will address the arguments together.

{¶8} Appellant maintains his conviction for sexual imposition is against the manifest weight and sufficiency of the evidence. We disagree.

{¶9} In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *State v. Thompkins,* 78 Ohio St.3d 380, 387, 1997–Ohio–52, 678 N.E.2d 541, quoting *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1983).

{¶10} An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

{¶11} Appellant was convicted of sexual imposition, in violation of R.C. 2907.06, which reads:

{¶12} "(A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:

{¶13} "(1) The offender knows that the sexual contact is offensive to the other person, or one of the other persons, or is reckless in that regard.

{¶14} "***

{¶15} "(B) No person shall be convicted of a violation of this section solely upon the victim's testimony unsupported by other evidence."

{¶16} Sexual contact is defined at R.C. 2907.01(B) as,

{¶17} "(B) 'Sexual contact' means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."

{¶18} Appellant admits to making contact with A.B., but maintains he attempted to steal her wallet from her back pocket. He asserts there was no purpose of sexual gratification.

{¶19} The evidence presented at trial, including the video introduced into evidence at trial, established Appellant followed A.B. in the store for a substantial period of time. He had no cart, bags and nothing in his hands. Upon A.B.'s separation from her mother in the store, Appellant swiftly went out of his way to touch A.B.'s right buttock. He did not appear to be searching for her pocket area, and focused his visual attention on another area as he made contact. A.B.'s reaction was immediate and

evident. The video surveillance demonstrates Appellant hastily left the area, and immediately thereafter, the store.

{¶20} A.B. testified at trial she wore yoga pants to the store, which she was certain did not have pockets. Her wallet was in her purse, which hung on her shoulder. A.B.'s mother testified she had noticed Appellant's presence near them in the store, particularly his presence in each aisle they entered, but assumed he worked for the store. She also testified her purse and wallet were obvious on her shoulder, as were other female patrons.

{¶21} Based upon the evidence presented, we find Appellant's conviction for sexual imposition is not against the manifest weight or sufficiency of the evidence. The trier of fact reasonably found Appellant made sexual contact with A.B. knowing or with reckless disregard to the same being offensive to A.B. and could infer based upon his prolonged following of A.B. throughout the store, the sexual arousal or touch was for his gratification rather than to accomplish a theft.

{¶22} Appellant's conviction on one count of sexual imposition entered by the Licking County Municipal Court is affirmed.

By: Hoffman, P.J.

Farmer, J. and

Delaney, J. concur